ROBERT A. ZEAVIN (State Bar No. 73273)
MANATT PHELPS & PHILLIPS
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224
Email:      rzeavin@manatt.com

AMY B. BRIGGS (State Bar No. 194028)
KELLY L. KNUDSON (State Bar No. 244445)
MANATT PHELPS & PHILLIPS
One Embarcadero Center, 30th Floor
San Francisco, CA 94111-3719
Telephone:  (415) 291-7400
Facsimile:  (415) 291-7474
Email:      abriggs@manatt.com
            kknudson@manatt.com

FILED

08 MAR 20 AM 11: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                           DEPUTY

Attorneys for Plaintiff LPL Financial Corporation, formerly known as LINSCO/PRIVATE LEDGER CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPL FINANCIAL CORPORATION, formally known as LINSCO/PRIVATE LEDGER CORP., <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br> Defendant. | Case No. 08 CV 0038 JAH BLM <br><br> **WAIVER OF SERVICE OF SUMMONS BY F&D COMPANY OF MARYLAND** |

Please see attached.

90008216.1

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Amy B. Briggs of Manatt, Phelps & Phillips, LLP</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

<u>LPL Financial Corporation v. Fidelity &</u>
<u>Deposit Company of Maryand</u>, which is case number <u>CV 0038 JAH BLM</u>

in the United States District Court for the <u>Southern</u> District of

<u>California</u>. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

\* <u>Feb. 29, 2008</u> [handwritten, replacing ~~February 20, 2008~~], or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.

<u>3/14/08</u>    <u>Antonia B. Iannielli</u> [signature]
(DATE)    (SIGNATURE)

Printed/Typed Name: <u>Antonia B. Iannielli</u>

\* Per agreement with R. Zearn, Counsel to LPL.

As <u>Counsel</u> of <u>F&D Company of Maryland</u>
(TITLE)    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

90006272.2

American LegalNet, Inc.
www.FormsWorkflow.com