Lawrence P. Riff (SBN 104826)
lriff@steptoe.com
Lynn R. Levitan (SBN 176737)
llevitan@steptoe.com
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Attorneys for Defendant FIDELITY AND
DEPOSIT COMPANY OF MARYLAND

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPL FINANCIAL CORPORATION, formerly known as LINSCO/PRIVATE LEDGER CORP., <br><br>Plaintiff, <br><br>vs. <br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br>Defendant. | Case No.: 08CV0038 JAH BLM <br><br>*Assigned to Hon. John A. Houston* <br><br>**ANSWER OF DEFENDANT FIDELITY AND DEPOSIT COMPANY OF MARYLAND TO PLAINTIFF'S COMPLAINT** |

Defendant Fidelity and Deposit Company of Maryland ("F&D") submits its Answer to the Complaint of Plaintiff LPL Financial Corporation ("LPL") as follows:

### F&D's Response to LPL's "Introduction"

1. F&D denies that LPL is entitled to the insurance coverage that LPL demands in this action, denies that LPL is entitled to any relief against F&D, and denies all remaining allegations of Paragraph 1 of the Complaint. F&D states that

Financial Institution Bond No. FIB 0001647 03 does not provide coverage for underlying claims against Kevin Forrester and other persons purportedly associated with LPL because, among other reasons, the Bond requires that the loss to LPL must "result[ ] directly" from the dishonest or fraudulent acts committed by the employee and the Bond further requires that the dishonest or fraudulent acts must be committed by the employee "with the manifest intent . . . to cause [LPL] to sustain such loss." The underlying claims for which LPL demands coverage in this action satisfy neither requirement. Accordingly, F&D properly denied coverage under the Bond for these underlying claims, and judgment should be entered in favor of F&D.

### F&D's Responses to LPL's Allegations about the Parties

2.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 2, and therefore, F&D denies the allegations of Paragraph 2 of the Complaint.

3.  F&D admits that LPL was formerly known as Linsco/Private Ledger Corp. F&D lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3, and therefore, F&D denies the remaining allegations of Paragraph 3 of the Complaint.

4.  F&D admits the allegations of Paragraph 4 of the Complaint, except that its principal place of business is Baltimore, Maryland.

### F&D's Responses to LPL's Allegations Regarding Jurisdiction and Venue

5.  Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of

Paragraph 5, and therefore, F&D denies the allegations of Paragraph 5 of the Complaint.

6. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 6, and therefore, F&D denies the allegations of Paragraph 6 of the Complaint.

### F&D's Responses to LPL's "Factual Allegations"

7. LPL's Complaint speaks for itself, and therefore, no response is required to Paragraph 7. To the extent that a response is required, F&D denies that LPL is entitled to relief against F&D, and F&D denies the remaining allegations of Paragraph 7 of the Complaint.

8. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 8, and therefore, F&D denies the allegations of Paragraph 8 of the Complaint.

9. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 9, and therefore, F&D denies the allegations of Paragraph 9 of the Complaint.

10. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 10, and therefore, F&D denies the allegations of Paragraph 10 of the Complaint.

11. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 11, and therefore, F&D denies the allegations of Paragraph 11 of the Complaint.

12. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 12, and therefore, F&D denies the allegations of Paragraph 12 of the Complaint.

///
///

13.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 13, and therefore, F&D denies the allegations of Paragraph 13 of the Complaint.

14.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 14, and therefore, F&D denies the allegations of Paragraph 14 of the Complaint.

### F&D's Responses to LPL's Allegations about Kevin T. Forrester

15.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 15, and therefore, F&D denies the remaining allegations of Paragraph 15 of the Complaint.

16.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 16, and therefore, F&D denies the allegations of Paragraph 16 of the Complaint.

17.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 17, and therefore, F&D denies the allegations of Paragraph 17 of the Complaint. F&D further responds that any representative agreement between LPL and Forrester speaks for itself and F&D denies the allegations of Paragraph 17 to the extent they are inconsistent with any such agreement.

18.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 18, and therefore, F&D denies the allegations of Paragraph 18 of the Complaint. F&D further responds that any representative agreement between LPL and Forrester speaks for itself and F&D denies the allegations of Paragraph 18 to the extent they are inconsistent with any such agreement.

19.  F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 19, and therefore, F&D denies the

allegations of Paragraph 19 of the Complaint. F&D further responds that any representative agreement between LPL and Forrester speaks for itself and F&D denies the allegations of Paragraph 19 to the extent they are inconsistent with any such agreement.

20. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 20, and therefore, F&D denies the allegations of Paragraph 20 of the Complaint.

21. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 21, and therefore, F&D denies the allegations of Paragraph 21 of the Complaint.

22. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 22, and therefore, F&D denies the allegations of Paragraph 22 of the Complaint.

23. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 23, and therefore, F&D denies the allegations of Paragraph 23 of the Complaint.

24. F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24, and therefore, F&D denies the allegations of Paragraph 24 of the Complaint.

25. F&D admits that LPL has made settlements and paid monies to certain individuals. F&D denies that these settlements are covered under the Bond. F&D lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 25, and therefore, F&D denies the allegations of Paragraph 25 of the Complaint.

///
///
///
///

**F&D's Responses to LPL's Allegations about the Financial Institution Bond**

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent that a response is required, F&D denies the allegations of Paragraph 26 of the Complaint.

27. F&D admits that Barney & Barney is the broker for LPL. F&D admits that it issued Financial Institution Bond No. FIB 0001647 03 with a Bond Period of January 1, 2005 to January 1, 2008 to LPL. F&D lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 27, and therefore, F&D denies the remaining allegations of Paragraph 27 of the Complaint.

28. F&D admits that it has issued bonds to LPL in the past, all of which have expired. F&D denies the remaining allegations of Paragraph 28 of the Complaint.

29. F&D admits that Bond No. FIB 0001647 03 contains limits of liability, as well as additional terms and conditions that govern coverage under the Bond. F&D further states that the Bond speaks for itself and F&D denies the allegations of Paragraph 29 to the extent that the allegations are inconsistent with the terms and conditions of the Bond.

30. F&D admits that Bond No. FIB 0001647 03 contains a fidelity insuring agreement, as well as additional terms and conditions that govern coverage under the Bond. F&D denies that the quotation in Paragraph 30 is a complete and accurate quotation of the fidelity insuring agreement in the Bond. F&D further states that the Bond speaks for itself and F&D denies the allegations of Paragraph 30 to the extent that the allegations are inconsistent with the terms and conditions of the Bond.

31. F&D admits that Bond No. FIB 0001647 03 contains a Condition and Limitation entitled Ownership, as well as additional terms and conditions that govern coverage under the Bond. F&D denies that the quotation in Paragraph 31 is

a complete and accurate quotation of the Ownership Condition and Limitation in the Bond. F&D further states that the Bond speaks for itself and F&D denies the allegations of Paragraph 31 to the extent that the allegations are inconsistent with the terms and conditions of the Bond.

**F&D's Responses to LPL's Allegations about F&D's Handling of the Claim**

32.   F&D denies the allegations of Paragraph 32 of the Complaint.

33.   F&D denies the allegations of Paragraph 33 of the Complaint.

34.   F&D lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 34, and therefore, F&D denies the allegations of Paragraph 34 of the Complaint.

35.   F&D admits that it received a letter from LPL dated April 26, 2007, regarding potential claims of theft by Forrester. F&D denies the remaining allegations of Paragraph 35 of the Complaint.

36.   F&D admits that it conducted an investigation in connection with a demand for coverage by LPL of the underlying claims against Forrester. F&D further states that it is owned by Zurich American Insurance Company. F&D denies the remaining allegations of Paragraph 36 of the Complaint.

37.   F&D admits that it sent a letter dated November 9, 2007, to LPL in which F&D informed LPL that the Bond does not provide coverage for the underlying claims involving Forrester. F&D denies the remaining allegations of Paragraph 37 of the Complaint.

38.   F&D admits that F&D and LPL have had communications about whether coverage exists under the Bond for the underlying claims and that LPL disagrees with F&D's position. F&D denies the remaining allegations of Paragraph 38 of the Complaint.

39.   F&D states that it has retained counsel to advise F&D of its rights and obligations with respect to LPL. F&D denies that it represented to LPL that it

would retain counsel for the benefit of LPL in any way, and F&D denies the remaining allegations of Paragraph 39 of the Complaint.

40. F&D denies the allegations of Paragraph 40 of the Complaint.

41. F&D denies the allegations of Paragraph 41 of the Complaint.

42. F&D denies the allegations of Paragraph 42 of the Complaint.

43. F&D admits that LPL requested coverage for some losses involving Frank Peperno. F&D lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 43, and therefore, F&D denies the remaining allegations of Paragraph 43 of the Complaint.

44. F&D admits that it made payment of $50,000 to LPL for losses involving Frank Peperno after application of a $250,000 deductible. F&D denies the remaining allegations of Paragraph 44 of the Complaint.

45. F&D denies the allegations of Paragraph 45 of the Complaint.

46. F&D admits that Teresa N. Jones, Claims Counsel for F&D, had responsibility for handling the Peperno and Forrester matters. F&D denies the remaining allegations of Paragraph 46 of the Complaint.

### F&D's Responses to LPL's Allegations about Other Losses

47. F&D admits that LPL advised of underlying claims involving Dennis Martin, Kyle Keesling, and Robert Loffredi. F&D denies the remaining allegations of Paragraph 47 of the Complaint.

48. F&D denies the allegations of Paragraph 48 of the Complaint.

49. F&D admits that LPL has made settlements and payments to certain individuals. F&D denies that these settlement and payments are covered under the Bond. F&D lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 49, and therefore, F&D denies the remaining allegations of Paragraph 49 of the Complaint.

///

ANSWER OF DEFENDANT FIDELITY AND DEPOSIT COMPANY OF MARYLAND
Case No. 08CV0038 JAH BLM

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, F&D responds that it has notified LPL that the Bond does not cover some underlying claims and that F&D is evaluating coverage for other underlying claims, and F&D denies the remaining allegations of Paragraph 50 of the Complaint.

### F&D's Responses to LPL's First Cause of Action for Breach of Contract

51. F&D repeats and incorporates its responses in Paragraph 1 through Paragraph 50 of this Answer.

52. F&D admits that it issued Financial Institution Bond No. FIB 0001647 03 with a Bond Period of January 1, 2005 to January 1, 2008 to LPL. F&D denies the remaining allegations of Paragraph 52 of the Complaint.

53. F&D admits that Bond No. FIB 0001647 03 obligated LPL to pay a premium and that the Bond contains a fidelity insuring agreement as well as additional terms and conditions that govern coverage under the Bond. F&D further states that the Bond speaks for itself and F&D denies the allegations of Paragraph 53 to the extent that the allegations are inconsistent with the terms and conditions of the Bond.

54. F&D denies the allegations of Paragraph 54 of Plaintiff's Complaint.

55. F&D denies the allegations of Paragraph 55 of Plaintiff's Complaint.

56. F&D denies the allegations of Paragraph 56 of Plaintiff's Complaint.

57. F&D denies the allegations of Paragraph 57 of Plaintiff's Complaint.

### F&D's Responses to LPL's Second Cause of Action for Breach of an Implied Covenant of Good Faith and Fair Dealing

58. F&D repeats and incorporates its responses in Paragraph 1 through Paragraph 57 of this Answer.

59. Paragraph 59 asserts legal conclusions to which no response is required. To the extent that a response is required, F&D denies the allegations of Paragraph 59 of the Complaint.

60. F&D denies the allegations of Paragraph 60 of Plaintiff's Complaint.

61. Paragraph 61 asserts legal conclusions to which no response is required. To the extent that a response is required, F&D denies that it has breached a duty of good faith and fair dealing and therefore denies the allegations of Paragraph 61 of the Complaint.

62. Paragraph 62 asserts legal conclusions to which no response is required. To the extent that a response is required, F&D denies that it has breached a duty of good faith and fair dealing and therefore denies the allegations of Paragraph 62 of the Complaint.

63. Paragraph 63 asserts legal conclusions to which no response is required. To the extent that a response is required, F&D denies that it has breached a duty of good faith and fair dealing and therefore denies the allegations of Paragraph 63 of the Complaint.

64. F&D denies the allegations of Paragraph 64 of the Complaint.

65. F&D denies the allegations of Paragraph 65 of the Complaint.

### F&D's Responses to LPL's Third Cause of Action for Declaratory Relief

66. F&D repeats and incorporates its responses in Paragraph 1 through Paragraph 65 of this Answer.

67. F&D admits that LPL has demanded payment from F&D for underlying claims involving Kevin Forrerster, Dennis Martin, Kyle Keesling, and Robert Loffredi. F&D denies the remaining allegations of Paragraph 67 of the Complaint.

///

68.     F&D denies that LPL is entitled to any relief against F&D and denies the allegations of Paragraph 68 of the Complaint.

69.     F&D denies that LPL is entitled to any relief against F&D and denies the allegations of Paragraph 69 of the Complaint.

WHEREFORE, notwithstanding any admission herein, F&D denies that it is liable to plaintiff on any theory pleaded in the complaint or otherwise; and denies that plaintiff is entitled to the relief pleaded in the complaint or any other relief.

## Additional Defenses

F&D sets out the following additional defenses to Plaintiff LPL's Complaint:

### First Defense

LPL's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Venue in this court may be improper.

### Third Defense

LPL's claims for relief may be barred in whole or in part because they are not ripe or they are nonjusticiable.

### Fourth Defense

LPL's claims for relief may be barred in whole or in part by the applicable statute of limitations or by the doctrines of waiver, laches, or estoppel.

///
///

### Fifth Defense

LPL's claims for relief are or may be barred in whole or in part by payment or by release.

### Sixth Defense

LPL cannot carry its burden of demonstrating that the underlying claims fall within the scope of coverage of the Bond.

### Seventh Defense

LPL cannot carry its burden of demonstrating that it has satisfied the other terms and conditions of the Bond.

### Eighth Defense

The underlying claims for which LPL seeks coverage do not fall within the scope of the insuring agreements of the Bond.

### Ninth Defense

The underlying claims do not satisfy the requirement in the Bond that the losses must "result[ ] directly" from dishonest or fraudulent acts committed by the employee, or the underlying claims do not satisfy the requirement in the Bond that the dishonest or fraudulent acts must be committed by the employee "with the manifest intent . . . to cause the Insured to sustain such loss," or the losses fail to satisfy both requirements of the Bond.

### Tenth Defense

The underlying claims are barred from coverage by Exclusion (v) in the Bond for "indirect or consequential loss of any nature."

///

### Eleventh Defense

The underlying claims are or may be barred from coverage in whole or in part by other exclusions in the Bond, including Exclusion (s) for potential income and Exclusion (t) for damages.

### Twelfth Defense

The Bond does not provide coverage for the underlying claims to the extent that the underlying claims were not discovered during the Bond Period.

### Thirteenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL failed to give a notice of loss to F&D within the 30-day time period as agreed upon by LPL in the Bond.

### Fourteenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL failed to furnish a proof of loss within the 6-month time period as agreed upon by LPL in the Bond.

### Fifteenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL failed to furnish a proof of loss with full particulars and duly sworn to, as required by the Bond.

### Sixteenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL failed to satisfy contractual time limitations as agreed upon by LPL in the Bond, including the 30-day limit for giving notice to F&D of the commencement

of an underlying suit or legal proceeding, the 30-day limit for giving notice to F&D of a settlement of or a judgment in an underlying suit or legal proceeding, the 60-day minimum time period for bringing an action against F&D, or the 24-month maximum time limit for bringing an action against F&D.

### Seventeenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL breached its subrogation duties under the Bond or impaired F&D's subrogation rights.

### Eighteenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL has or had other insurance for the underlying claims.

### Nineteenth Defense

The Bond does not provide coverage for the underlying claims to the extent that LPL seeks coverage for dishonest or fraudulent acts committed by non-employees.

### Twentieth Defense

The Bond does not provide coverage for the underlying claims to the extent that a set-off exists for an amount owed to an employee who caused a loss as agreed upon by the parties in the Bond.

### Twenty-First Defense

LPL's claims for relief are or may be barred to the extent that LPL has failed to satisfied the applicable deductibles or self-insured retentions as required by the Bond.

### Twenty-Second Defense

LPL's claims for relief are or may be barred to the extent of exhaustion or impairment of the applicable limits of the Bond due to prior payments under the Bond.

### Twenty-Third Defense

LPL's claims for relief are or may be barred to the extent that coverage is precluded by express provisions of law, by public policy, or by the terms and conditions in any bond issued by F&D.

### Twenty-Fourth Defense

LPL's claims for relief are or may be barred to the extent that LPL failed to provide assistance and cooperation to Zurich.

### Twenty-Fifth Defense

LPL's claims for relief are or may be barred to the extent that LPL failed to minimize, mitigate, or avoid any alleged loss or damage.

### Twenty-Sixth Defense

LPL's claims for punitive damages are or may be barred by the Bond, law, or public policy, or because the claims violate constitutional or other rights of F&D.

### Twenty-Seventh Defense

F&D reserves its rights to supplement the foregoing defenses and to raise additional defenses as may appear as this case progresses.

///
///

WHEREFORE, F&D respectfully requests that the Court:

A. Enter judgment in favor F&D against LPL;

B. Award attorneys' fees and costs to F&D against LPL; and

C. Award all other relief in favor of F&D that the Court deems proper and just.

DATED: May 28, 2008

Respectfully submitted,

STEPTOE & JOHNSON LLP

/s/
_____
Lawrence P. Riff
Lynn R. Levitan
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
Attorneys for Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND

# CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Amy B. Briggs, Esq.

At Los Angeles, California, this 28th day of May, 2008.

STEPTOE & JOHNSON LLP

/s/
Lawrence P. Riff (SBN 104826)
lriff@steptoe.com
Lynn R. Levitan (SBN 176737)
llevitan@steptoe.com
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California  90071
Telephone:  (213) 439-9400
Facsimile:   (213) 439-9599

Attorneys for Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND

ANSWER OF DEFENDANT FIDELITY AND DEPOSIT COMPANY OF MARYLAND
Case No. 08CV0038 JAH BLM