UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPL FINANCIAL CORPORATION, formerly known as LINSCO/PRIVATE LEDGER CORP, <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br> Defendant. | Case No. 08cv0038-JAH(BLM) <br><br> **ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED** |

On July 7, 2008, the Court convened an Early Neutral Evaluation Conference. Plaintiff failed to provide a corporate representative with full and complete settlement authority. In the Notice and Order for Early Neutral Evaluation Conference filed May 30, 2008, this Court ordered that:

> **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The

|   |   |
|---|---|
| 1 | present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. |

(emphasis in original) Doc. No. 8.  Plaintiff violated this aspect of the Court's order.

    Therefore, it is hereby ordered that Plaintiff's corporate representative with full settlement authority appear with counsel before the Honorable Barbara L. Major on **July 22, 2008** at **9:00 a.m.** in **Courtroom A**, U.S. District Court, 940 Front Street, San Diego, California 92101 to show cause why sanctions should not be imposed for failing to comply with this Court's order.  Plaintiff and its counsel shall file declarations and may file legal briefs regarding the imposition of sanctions on or before **July 11, 2008**.  Those parties who complied with this Court's order may file declarations on or before **July 18, 2008** detailing the costs they incurred as a result of Plaintiff's failure to comply.

    **IT IS SO ORDERED.**

DATED: July 8, 2008

                            BARBARA L. MAJOR
                            United States Magistrate Judge

---

person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486.  A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

COPY TO:

HONORABLE JOHN A. HOUSTON
U.S. DISTRICT JUDGE

ALL COUNSEL AND PARTIES